USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 29, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC.; TWENTIETH CENTURY FOX FILM CORPORATION; COLUMBIA PICTURES INDUSTRIES, INC.; SONY PICTURES TELEVISION INC.; UNIVERSAL CITY STUDIOS LLC; UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC; and DISNEY ENTERPRISES, INC., <br><br> Plaintiffs <br> v. <br><br> JOHN DOE 1 a/k/a WANG WEI d/b/a DVDSEA.COM; JOHN DOE 2 a/k/a BILL UREY d/b/a CHEAPDVDMART.COM; JOHN DOE 3 a/k/a JOY SENCHY d/b/a DVDS-HOME.NET; JOHN DOE 4 a/k/a OLYES CHEY d/b/a IDVDSET.COM; JOHN DOE 5 a/k/a DVDSHOP AU d/b/a DVDSHOPAU.COM; JOHN DOE 6 a/k/a ECWARDS L d/b/a ENTERTAINWHO.COM; JOHN DOE 7 a/k/a CAILYNA K d/b/a TVSTOREDVD.COM; JOHN DOE 8 d/b/a BOXSETSALES.COM; XYZ COMPANIES 1-100 and JOHN AND JANE DOES 9-100. <br><br> Defendants. | CIVIL ACTION NO. 14-CV-3492 (KPF) <br><br> [PROPOSED] PRELIMINARY INJUNCTION ORDER |

Plaintiffs WARNER BROS. ENTERTAINMENT INC., TWENTIETH CENTURY FOX FILM CORPORATION, COLUMBIA PICTURES INDUSTRIES, INC., SONY PICTURES TELEVISION INC., UNIVERSAL CITY STUDIOS LLC, UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC, and DISNEY ENTERPRISES, INC. (collectively, "Plaintiffs"), having moved ex parte against JOHN DOE 1 a/k/a WANG WEI d/b/a DVDSEA.COM, JOHN DOE 2 a/k/a BILL UREY d/b/a CHEAPDVDMART.COM, JOHN DOE 3 a/k/a JOY SENCHY d/b/a DVDS-

1

HOME.NET, JOHN DOE 4 a/k/a OLYES CHEY d/b/a IDVDSET.COM, JOHN DOE 5 a/k/a DVDSHOP AU d/b/a DVDSHOPAU.COM, JOHN DOE 6 a/k/a ECWARDS L d/b/a ENTERTAINWHO.COM, JOHN DOE 7 a/k/a CAILYNA K d/b/a TVSTOREDVD.COM, JOHN DOE 8 d/b/a BOXSETSALES.COM, as well as XYZ COMPANIES 1-100 and JOHN and JANE DOES 9-100 (collectively, "Defendants") for a Temporary Restraining Order, Order to Disable Certain Websites, Asset Restraining Order, Expedited Discovery Order and Order to Show Cause for Preliminary Injunction (collectively, the "Order") pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act") and 17 U.S.C. § 501, *et. seq.* (the "Copyright Act"), for the reason that Defendants are copying, distributing, offering for sale and/or selling, via the Internet, goods bearing counterfeit reproductions of the Plaintiffs' federally-registered trademarks ("Plaintiffs' Marks") and infringing Plaintiffs' exclusive rights in Plaintiffs' validly-owned copyrights ("Plaintiffs' Copyrights"), which trademarks and copyrights are owned and/or controlled by Plaintiffs and used in connection with various goods and services – including production of pre-recorded DVDs and Blu-ray discs (and box sets thereof) featuring and promoting motion pictures and television programs, and other related products listed in Plaintiffs' Complaint and incorporated herein by reference (collectively, the "Plaintiffs' Products");

The Court having entered the Order on May 15, 2014;

Plaintiffs having served all Defendants associated with the domain names identified

in **Exhibit A** hereto; and

The Court having reviewed the Complaint, Memorandum of Law in support of the Order, and supporting declarations and exhibits submitted therewith, this Court now finds with respect to the Defendants identified in **Exhibit A** hereto (collectively, the "Enjoined Defendants"), the following:

1. Plaintiffs have demonstrated that they are entitled to preliminary injunctive relief by establishing that they are likely to succeed in showing: (a) that they will succeed on the merits of the claims set forth in their complaint; (b) that they are suffering irreparable injury in the absence of an injunction based on Enjoined Defendants' copying, distribution, offering for sale and sale of goods bearing counterfeits of Plaintiffs' Marks and/or pirated copies of the works protected by Plaintiffs' Copyrights ("Infringing Products"); (c) that the balance of hardships tips in Plaintiffs' favor; and (d) that the public would not be disserved by the issuance of injunctive relief.

2. With respect to likelihood of success on the merits, Plaintiffs have demonstrated they are likely to succeed in showing that: (a) Plaintiffs' Marks and Plaintiffs' Copyrights are valid and protectable and entitled to protection; (b) Enjoined Defendants are copying, distributing, offering for sale and/or selling Infringing Products to buyers in the United States, including in this Judicial District through a network of websites ("Infringing Websites") resolving at various domain names set forth in **Exhibit A** attached hereto.

3. The copying, distribution, offering for sale and sale of Infringing Products will result in immediate and irreparable injury to Plaintiffs if injunctive relief is

3

not granted.

4. Enjoined Defendants have gone to great lengths to conceal themselves and their ill-gotten proceeds from Plaintiffs' and this Court's detection, including by using multiple false identities and addresses associated with their operations and purposely-deceptive contact information for the Infringing Websites.

5. Plaintiffs' harm from denial of the requested Preliminary Injunction would outweigh any harm to Enjoined Defendants' legitimate interests from granting such a Preliminary Injunction.

6. Enjoined Defendants have each been properly served with the Order, Complaint, Summons and supporting papers, including notice of the show cause hearing to be held on May 29, 2014 at 10:00 a.m. in Courtroom 618 in the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York 10007.

7. None of the Enjoined Defendants have filed a response to Plaintiffs' moving papers or otherwise appeared in this action.

I. **Preliminary Injunction Order**

IT IS HEREBY ORDERED, that Enjoined Defendants, including their agents, servants, employees, confederates and any persons acting in concert or participation with them or third parties providing services used in connection with Enjoined Defendants' operations, having actual knowledge of this Preliminary Injunction Order by service, actual notice or otherwise -- be, and are, hereby preliminarily enjoined and restrained from:

(a) using Plaintiffs' Marks or any reproduction, counterfeit, copy or colorable imitation of the Plaintiffs' Marks in connection with the distribution,

4

advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiffs; and

(b) passing off, inducing or enabling others to sell or pass off any Infringing Products as and for Plaintiffs' Products; and

(c) directly or indirectly infringing any of Plaintiffs' exclusive rights in Plaintiffs' Copyrights for motion pictures and television programs, whether now in existence or later created, including without limitation by copying, distributing, offering for sale or selling (via the Internet or through other means) any copies of Plaintiffs' copyrighted works, except pursuant to a lawful license or with the express authority of Plaintiffs; and

(d) committing any acts calculated to cause purchasers to believe that Enjoined Defendants' products are those sold under the control and supervision of Plaintiffs, or sponsored by or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs; and

(e) further infringing Plaintiffs' Marks, Plaintiffs' Copyrights and/or damaging Plaintiffs' goodwill; and

(f) otherwise competing unfairly with Plaintiffs in any manner; and

(g) shipping, delivering, holding for sale, copying, distributing, returning, transferring or otherwise moving, storing, or disposing of, in any manner, pre-recorded DVDs or Blu-ray discs, or box sets thereof, or other items falsely bearing Plaintiffs' Marks or any reproduction, counterfeit, copy, or colorable imitation of same, or reproducing or containing works protected by Plaintiffs' Copyrights (or any portions thereof); and

(h) operating and/or hosting Enjoined Defendants' Infringing Websites; and

(i) moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Infringing Products, Enjoined Defendants' Infringing Websites, and/or Enjoined Defendants' assets and operations; and/or

(j) removing, destroying or otherwise disposing of any computer files, electronic files, business records, or documents relating to Enjoined Defendants' Infringing Websites, Enjoined Defendants' assets and operations or relating in any way to the distribution, offer for sale and/or sale of Infringing Products or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Marks or any infringement of Plaintiffs' Copyrights.

ORDERED, that in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the domain name registries, including but not limited to VeriSign, Inc., NeuStar, Inc., Afilias Limited, Nominet UK, and Public Interest Registry, and/or the individual registrars holding or listing one or more of the domain names used in conjunction with the Infringing Websites shall continue to disable these domain names, or any subset of these domain names specified by Plaintiffs, through a registry hold or otherwise, and make them inactive and non-transferable pending further order from this Court, unless Plaintiffs request that particular domain names be released from such restraints.

ORDERED, that third party service providers providing services to Enjoined Defendants in connection with any of the Infringing Websites and/or domain names for the Infringing Websites - including without limitation, web hosting providers, back-end

service providers, affiliate program providers, web designers, shippers, search-based online advertising services (such as through paid inclusion, paid search results, sponsored search results, sponsored links, and Internet keyword advertising) and any banks, savings and loan associations, merchant account providers, payment processors and providers, credit card associations, or other financial institutions, including without limitation, PayPal - and who receive actual notice of this Preliminary Injunction Order, shall within three (3) days of receipt of this Preliminary Injunction Order, cease or disable such services to i) Enjoined Defendants in relation to the Infringing Products; and ii) any and all of the Infringing Websites.

ORDERED, that this Preliminary Injunction Order shall remain in effect until disposition of this action.

## II. Expedited Discovery

ORDERED, that Plaintiffs may continue to obtain expedited discovery by providing actual notice, pursuant to subpoena or otherwise, of this Preliminary Injunction Order to any of the following: (1) Enjoined Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, merchant account providers, payment processors or providers, credit card associations, or other financial institutions, including without limitation, PayPal, which receive payments or hold assets on behalf of Enjoined Defendants or any of the Infringing Websites; and/or (3) any third party service providers to Enjoined Defendants and/or the Infringing Websites, including without limitation, domain name registration privacy protection services (e.g., Domains By Proxy and PrivacyProtect.org), web hosting providers, back-end service providers, affiliate program providers, web designers, shippers, search-based online advertising services (such as through paid inclusion, paid search results,

sponsored search results, sponsored links, and Internet keyword advertising), and domain name registries and registrars who have provided services for Enjoined Defendants and/or the Infringing Websites; and it is further

ORDERED, that any third party providing services in connection with any Enjoined Defendant, any Infringing Websites and/or domain names for the Infringing Websites, including without limitation, domain name registration privacy protection services (e.g., Domains By Proxy and PrivacyProtect.org), web hosting providers, back-end service providers, affiliate program providers, web designers, shippers, search-based online advertising services (such as through paid inclusion, paid search results, sponsored search results, sponsored links, and Internet keyword advertising), and any banks, savings and loan associations, merchant account providers, payment processors or providers, credit card associations, or other financial institutions, including without limitation, PayPal, and domain name registries and registrars who have provided services for Enjoined Defendants, shall within five (5) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

(a) The identities and addresses (physical and email) of Enjoined Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Enjoined Defendants' operations, including without limitation, identifying information associated with Enjoined Defendants' Infringing Websites and financial accounts, and the trade of Infringing Products (domain name registration privacy protection services shall provide the information in this subparagraph (a) within two (2) days after receipt of notice);

(b) The Infringing Websites;

(c)    Any domain names registered by Enjoined Defendants associated with the Infringing Websites; and

(d)    Any financial accounts owned or controlled by Enjoined Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, merchant account providers, payment processors and providers, credit card associations, or other financial institutions, including without limitation, PayPal.

ORDERED, that Local Rule 33.3 shall not apply to the expedited discovery granted Plaintiffs herein.

### III.  Service of Process via Email

ORDERED, that Plaintiffs may continue to serve process on Enjoined Defendants by electronic mail at the unique email addresses used by Enjoined Defendants in conjunction with their Infringing Websites and listed in the Order, which Plaintiffs have demonstrated will provide adequate notice to Enjoined Defendants pursuant to Fed. R. Civ. P. 4.

### IV.  Ex Parte Asset Restraint

ORDERED, that in accordance with 15 U.S.C. § 1116(a), 17 U.S.C. § 504(b) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, that the asset restraint provisions contained in the Order shall remain in place until the disposition of this action as to Enjoined Defendants and their officers, servants, employees, agents and any persons in active concert or participation with them, and that any banks, savings and loan associations, merchant account providers, payment processors or providers, credit card associations, or other financial institutions, including without limitation, PayPal, for any Enjoined Defendant, any of Enjoined

Defendants' operations, Enjoined Defendants' Infringing Websites, or for any other website owned or controlled by Enjoined Defendants, who receive actual notice of this Preliminary Injunction Order, shall immediately locate and restrain any new accounts connected to Enjoined Defendants and/or to the Infringing Websites and maintain the asset restraint with respect to known existing accounts connected to Enjoined Defendants and/or to the Infringing Websites, and that all such accounts be preliminarily restrained and enjoined from transferring or disposing of any money or other of Enjoined Defendants' assets, not allowing such funds to be transferred or withdrawn.

ORDERED, that upon two (2) business day's written notice to the Court and Plaintiffs' counsel, any Enjoined Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Preliminary Injunction Order concerning the restriction upon transfer of Enjoined Defendants' assets.

SIGNED this __29th__ day of May, 2014.

_____
Hon. Katherine Polk Failla, USDJ

## Exhibit A

| Domain Name | Registrant Name |
|---|---|
| Dvdsea.com | Wang Wei |
| Cheapdvdmart.com | Bill Urey |
| Dvds-home.net | Joy Senchy |
| Idvdset.com | Olyes Chey |
| Dvdshopau.com | Dvdshop Au |
| Entertainwho.com | Ecwards L |
| Tvstoredvd.com | Cailyna K |
| Boxsetsales.com | Domain Administrator |