E5tdwarc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

WARNER BROS. ENTERTAINMENT
INC., et al.,

                Plaintiffs,            New York, N.Y.

           v.                          14 Civ. 3492(KPF)

JOHN DOE 1 a/k/a WANG WEI
d/b/a DVDSEA.COM, et al.,

                Defendants.

------------------------------x
                                       May 29, 2014
                                       10:10 a.m.
Before:

                 HON. KATHERINE POLK FAILLA,

                                       District Judge

                         APPEARANCES

DAVIS WRIGHT TREMAINE LLP
     Attorneys for Plaintiffs
BY:  LISA D. KEITH
```

E5tdwarc

1          THE CLERK:  In the matter of Warner Bros.
2    Entertainment Incorporated, et al. against John Doe 1, et al.
3          Counsel, please identify yourself for the record.
4          MS. KEITH:  Lisa Keith for the plaintiffs.
5          THE COURT:  Good morning to you, Ms. Keith.
6          Well, you are here alone today.
7          MS. KEITH:  Yes.
8          THE COURT:  I don't mean that just in the sense that
9    you don't have any colleagues from your firm with you.  I see
10   that none of the defendants in the case has made an appearance.
11   So let me ask you a couple of questions in that regard.
12         MS. KEITH:  OK.
13         THE COURT:  First of all, what efforts were made after
14   I signed the TRO order to serve the various defendants who are
15   now listed as Exhibit A to your proposed preliminary injunction
16   order?
17         MS. KEITH:  So the order provided, your Honor, that we
18   serve the defendants within five days of your order.  So your
19   order was signed on May 15th.  On May 20th we served all of the
20   email addresses in Exhibit A via registered mail, using a
21   service called "rplst."
22         THE COURT:  All right.  I can tell you from this end
23   that we in chambers received no communications from any
24   defendant.
25         Did your law firm or any of the plaintiffs in this

1    case receive any communications from them?
2            MS. KEITH:  No.  We have received no communication.
3            THE COURT:  All right.
4            MS. KEITH:  I also served PayPal and PayPal would also
5    have notified anyone whose accounts were restrained, and they
6    give our Davis Wright Tremaine email address, and we didn't
7    receive any emails on that email address either.
8            THE COURT:  All right.  I've reviewed several orders
9    that you've given me for my consideration, and I'll talk about
10   the longest one first and that is the proposed preliminary
11   injunction order.
12           There are provisions in here regarding expedited
13   discovery.  Could you tell me, please, what discovery you were
14   able to do during the pendency of the TRO?
15           MS. KEITH:  So far, we've served PayPal and we are
16   reviewing the PayPal records right now.  And so further
17   discovery that might happen in the future would be possibly if
18   there are bank accounts identified through the PayPal records,
19   serving those banks.
20           THE COURT:  And I guess that that goes as well to my
21   question of the ex parte asset restraint provision of your
22   proposed order.  Have there been assets identified for you or
23   your clients to restrain?
24           MS. KEITH: Yes.  The only asset so far that we have
25   restrained are with PayPal, and it was how much -- it was

E5tdwarc

1     either 2 or $3,000.
2            THE COURT:  All right.  You were able to seize control
3     of the individual websites, is that correct?
4            MS. KEITH:  That is correct, your Honor.
5            THE COURT:  All right.  So to the best of your
6     understanding, there is nothing in those web -- I'm sorry,
7     there is no ability today to conduct the what you claim to be
8     infringing conduct through these websites because they are
9     under your control?
10           MS. KEITH:  They are not under our control yet but
11    they are disabled.
12           THE COURT:  OK.  Could you talk to me about the
13    difference, please?
14           MS. KEITH:  Yes.  So normally what we do is we start
15    out with the TRO and we disable the website.  Then the
16    preliminary injunction would continue that registry hold that
17    is placed on the website, and that's done?  At the registry
18    level.  So all eight of these websites were with the registry
19    VeriSign.  So right now VeriSign has them on I guess it is
20    called a registry hold so that nobody can access them.  Then
21    later on in the case, if we move for a default judgment and
22    permanent injunction, at that stage we would normally ask that
23    the websites be transferred to our control, and then we would
24    serve that order on VeriSign and put the websites into our
25    account.  And that would be when you could use the websites to

E5tdwarc

1   put up a posting notice or whatever you might choose to do with
2   them, but right now we don't control them; they are just down.
3            THE COURT:  OK.  And in this order you are still just
4   seeking to keep them disabled, as opposed to moving control
5   over to you?
6            MS. KEITH:  That is correct.
7            THE COURT:  All right.  Has any of the information
8   from the PayPal accounts provided to you any additional
9   evidence to support the claims of copyright infringement that
10  you have articulated in your prior papers and in the current
11  order?
12           MS. KEITH:  Your Honor, there is nothing that goes to
13  copyright infringement thus far, but the records do show that
14  the addresses provided both in connection with the registration
15  of the websites and in connection with the PayPal accounts seem
16  to be fake addresses and that many of them originate from
17  China.
18           THE COURT:  OK.  All right.  Well, that is the state
19  of affairs.
20           I can say, I have been given this proposed preliminary
21  injunction order, and there are a lot of recitals that I will
22  not repeat into the record.  But I will note that on May 15th,
23  in a prior proceeding, I was given a lot of documentation,
24  particularly declarations from various representatives of the
25  individual plaintiffs, demonstrating for me and explaining to

1   me how certain materials, in particular DVDs of movies and
2   television shows, had been copied inappropriately and were
3   being offered for sale on the websites that are listed in
4   Exhibit A.
5           I do believe at this time that the plaintiffs have met
6   the standards for the granting of a preliminary injunction, and
7   those standards are outlined in this order.  And for those
8   reasons, and because there is nothing that has turned up since
9   May 15th that tends to cast doubt on the evidence that I've
10  looked at, which suggests that there is rampant copyright
11  infringement, I will sign the proposed preliminary injunction
12  order, and I will also sign the order that has been given to me
13  and proposed to unseal the file in this case.
14          Ms. Keith, just a few thoughts.
15          At the close of this proceeding, I'd ask you, please,
16  to order the transcript so that it will be available to me, and
17  if and when a defendant would appear in this case, they will
18  have knowledge of what has happened at this proceeding.
19          Secondly, it's my assumption that in time your law
20  firm will pursue a default judgment in this case by obtaining
21  certificates of default and then taking the next steps.  Is
22  that correct?
23          MS. KEITH:  That is correct, your Honor.
24          THE COURT:  All right.  My individual rules of
25  practice speak to this issue, and so I will simply await that

E5tdwarc

1  from your law firm.
2           MS. KEITH:  Great.
3           THE COURT:  Is there anything further you want to
4  address with me today?
5           MS. KEITH:  Yes.  I actually have -- so the order also
6  requires a seizure declaration to be filed within ten business
7  days of the order, which I think is tomorrow.  So I have
8  prepared that and I was going to file it tomorrow, but if you
9  would like, I could give that to you.  And I also have an
10 affidavit of service from our paralegal.
11          THE COURT:  OK.  We'll take those since you have
12 brought them.
13          MS. KEITH:  OK.
14          THE COURT:  And is there anything else?
15          MS. KEITH:  No.  I also just wanted to let you know
16 that we've secured the bond so I will get that on file.
17          THE COURT:  All right.  Great.
18          OK.  Thank you very much for coming in today.
19          MS. KEITH:  Thank you, your Honor.
20          THE COURT:  And certainly if you hear from any of the
21 defendants, you will let us know.
22          MS. KEITH:  Yes.
23          THE COURT:  OK.  Thank you.
24                              - - -
25