```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 3, 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WARNER BROS. ENTERTAINMENT INC.; TWENTIETH CENTURY FOX FILM CORPORATION; COLUMBIA PICTURES INDUSTRIES, INC.; SONY PICTURES TELEVISION INC.; UNIVERSAL CITY STUDIOS LLC; UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC; and DISNEY ENTERPRISES, INC.,

            Plaintiffs

v.

JOHN DOE 1 a/k/a WANG WEI d/b/a DVDSEA.COM; JOHN DOE 2 a/k/a BILL UREY d/b/a CHEAPDVDMART.COM; JOHN DOE 3 a/k/a JOY SENCHY d/b/a DVDS-HOME.NET; JOHN DOE 4 a/k/a OLYES CHEY d/b/a IDVDSET.COM; JOHN DOE 5 a/k/a DVDSHOP AU d/b/a DVDSHOPAU.COM; JOHN DOE 6 a/k/a ECWARDS L d/b/a ENTERTAINWHO.COM; JOHN DOE 7 a/k/a CAILYNA K d/b/a TVSTOREDVD.COM; JOHN DOE 8 d/b/a BOXSETSALES.COM; XYZ COMPANIES 1-100 and JOHN AND JANE DOES 9-100.

            Defendants.

CIVIL ACTION NO. 14-CV-3492 (KPF)

[~~PROPOSED~~] *kpf* DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER

---

    Plaintiffs WARNER BROS. ENTERTAINMENT INC., TWENTIETH CENTURY FOX FILM CORPORATION, COLUMBIA PICTURES INDUSTRIES, INC., SONY PICTURES TELEVISION INC., UNIVERSAL CITY STUDIOS LLC, UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC, and DISNEY ENTERPRISES, INC. (collectively, "Plaintiffs"), having moved *ex parte* against JOHN DOE 1 a/k/a WANG WEI d/b/a DVDSEA.COM, JOHN DOE 2 a/k/a BILL UREY d/b/a CHEAPDVDMART.COM, JOHN DOE 3 a/k/a JOY SENCHY d/b/a DVDS-

1

HOME.NET, JOHN DOE 4 a/k/a OLYES CHEY d/b/a IDVDSET.COM, JOHN DOE 5 a/k/a DVDSHOP AU d/b/a DVDSHOPAU.COM, JOHN DOE 6 a/k/a ECWARDS L d/b/a ENTERTAINWHO.COM, JOHN DOE 7 a/k/a CAILYNA K d/b/a TVSTOREDVD.COM, JOHN DOE 8 d/b/a BOXSETSALES.COM, as well as XYZ COMPANIES 1-100 and JOHN and JANE DOES 9-100 (collectively, "Defaulting Defendants") for a Temporary Restraining Order, Order to Disable Certain Websites, Asset Restraining Order, Expedited Discovery Order and Order to Show Cause for Preliminary Injunction (collectively, the "TRO") pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act") and 17 U.S.C. § 501, *et. seq.* (the "Copyright Act"), for the reason that Defaulting Defendants are copying, distributing, offering for sale and/or selling, via the Internet, goods bearing counterfeit reproductions of the Plaintiffs' federally-registered trademarks ("Plaintiffs' Marks") and infringing Plaintiffs' exclusive rights in Plaintiffs' validly-owned copyrights ("Plaintiffs' Copyrights"), which trademarks and copyrights are owned and/or controlled by Plaintiffs and used in connection with various goods and services – including production of pre-recorded DVDs and Blu-ray discs (and box sets thereof) featuring and promoting motion pictures and television programs, and other related products listed in Plaintiffs' Complaint and incorporated herein by reference (collectively, the "Plaintiffs' Products");

The Court having reviewed the Complaint, Memorandum of Law in support of the Order, and supporting declarations and exhibits submitted therewith, issued the TRO on

May 15, 2014, and subsequently on May 29, 2014 issued a Preliminary Injunction Order ("Preliminary Injunction");

Said Defaulting Defendants having each been properly served with the Complaint, Summons, TRO and supporting papers, including notice of the show cause hearing held May 29, 2014;

None of the Defaulting Defendants having appeared at the show cause hearing, filed a response to Plaintiffs' moving papers, answered the Complaint or otherwise pleaded or defended in this action;

The Clerk of Court having entered a default against Defaulting Defendants on June 17, 2014;

Plaintiffs having moved for final default judgment under Fed. R. Civ. P. 55(b) on August 25, 2014 by Order to Show Cause for a Default Judgment and Permanent Injunction Order, and Order for Supplemental Injunctive Relief and Asset Restraint ("Order to Show Cause for a Default Judgment");

Plaintiffs having served on Defaulting Defendants the Order to Show Cause for a Default Judgment and papers in support of their application on August 26, 2014;

Defaulting Defendants having failed to respond to the application for Default or appear; and

Plaintiffs having shown through all papers and proceedings to date, inter alia, the following:

1. Plaintiffs own all right, title and interest in and to Plaintiffs' Marks and Plaintiffs' Copyrights, each of which are valid and protectable and entitled to protection;

2. Defaulting Defendants are copying, distributing, offering for sale and/or selling Infringing Products to buyers in the United States, including in this judicial district,

3

through a network of websites ("Infringing Websites") resolving at various domain names set forth in **Exhibit A** attached hereto;

3. The copying, distribution, offering for sale and sale of Infringing Products has resulted in immediate and irreparable injury to Plaintiffs;

4. Defaulting Defendants have gone to great lengths to conceal themselves and their ill-gotten proceeds from Plaintiffs' and this Court's detection, including by using multiple false identities and addresses associated with their operations and purposely-deceptive contact information for the Infringing Websites;

5. To the best of Plaintiffs' knowledge, Defaulting Defendants are not infants, incompetent or in the military service of the United States; and

6. Defaulting Defendants have failed to appear or otherwise defend this action, and so the Court:

HEREBY FINDS that each Defaulting Defendant is liable for federal trademark counterfeiting and infringement under 15 U.S.C. §§ 1114, 1117, unfair competition and false designation of origin under 15 U.S.C. § 1125(a), and copyright infringement under 17 U.S.C. §§ 106(1), 106(3) and 501, and this Default Judgment and Permanent Injunction Order ("Permanent Injunction") is entered against each Defaulting Defendant.

THEREFORE, IT IS HEREBY ORDERED, that Defaulting Defendants, including their agents, servants, employees, confederates and any persons acting in concert or participation with them or third parties providing services used in connection with Defaulting Defendants' operations, having actual knowledge of this Permanent Injunction Order by service, actual notice or otherwise -- be, and are, hereby permanently enjoined and restrained from:

(a) using Plaintiffs' Marks or any reproduction, counterfeit, copy or colorable

4

imitation of the Plaintiffs' Marks in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiffs; and

(b) passing off, inducing or enabling others to sell or pass off any Infringing Products as and for Plaintiffs' Products; and

(c) directly or indirectly infringing any of Plaintiffs' exclusive rights in Plaintiffs' Copyrights for motion pictures and television programs, whether now in existence or later created, including without limitation by copying, distributing, offering for sale or selling (via the Internet or through other means) any copies of Plaintiffs' copyrighted works, except pursuant to a lawful license or with the express authority of Plaintiffs; and

(d) committing any acts calculated to cause purchasers to believe that Defaulting Defendants' products are those sold under the control and supervision of Plaintiffs, or sponsored by or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs; and

(e) further infringing Plaintiffs' Marks, Plaintiffs' Copyrights and/or damaging Plaintiffs' goodwill; and

(f) otherwise competing unfairly with Plaintiffs in any manner; and

(g) shipping, delivering, holding for sale, copying, distributing, returning, transferring or otherwise moving, storing, or disposing of, in any manner, pre-recorded DVDs or Blu-ray discs, or box sets thereof, or other items falsely bearing Plaintiffs' Marks or any reproduction, counterfeit, copy, or colorable imitation of same, or reproducing or containing works protected

5

by Plaintiffs' Copyrights (or any portions thereof); and

 (h) operating and/or hosting Defaulting Defendants' Infringing Websites; and

 (i) moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Infringing Products, Defaulting Defendants' Infringing Websites, and/or Defaulting Defendants' assets and operations; and/or

 (j) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a)-(i).

***IT IS FURTHER ORDERED** that in accordance with this Court's inherent equitable powers and its power to coerce compliance with its lawful orders, in the event Plaintiffs identify any new websites ("Newly-Detected Websites") registered or operated by any Defaulting Defendant, including John Does, Jane Does and XYZ Companies, used in connection with the sale of Infringing Products, Plaintiffs shall have the ongoing authority, request from this Court by way of declaration an amendment to this Order to serve this Permanent Injunction on the domain name registries, including but not limited to VeriSign, Inc., NeuStar, Inc., Afilias Limited, Nominet UK, and Public Interest Registry, and/or the individual registrars holding and/or listing one or more of the domain names associated with the Newly-Detected Websites; and*

IT IS FURTHER ORDERED, that third parties providing services used in connection with Defaulting Defendants' Infringing Websites, Newly-Detected Websites, or other operations - including without limitation, web hosting providers, back-end service providers, affiliate program providers, web designers, shippers, search-based online advertising services (such as through paid inclusion, paid search results, sponsored search

results, sponsored links, and Internet keyword advertising) and any banks, savings and loan associations, merchant account providers, payment processors and providers, credit card associations, or other financial institutions, including without limitation, PayPal - having knowledge of this Permanent Injunction by service, actual notice or otherwise be, and are, hereby, once provided notice of this Permanent Injunction, permanently enjoined from providing services to any Defaulting Defendant, Infringing Website, or Newly-Detected Website, whether directly or through third parties, in conjunction with any of the acts set forth in subparagraphs (a)-(i) above; and it is further

ORDERED, that pursuant to 15 U.S.C. § 1117(c)(2), Plaintiffs are awarded statutory damages for willful copyright infringement of $75,000 per infringed work, in the amount of $80,100,000; and

IT IS FURTHER ORDERED that any monies currently restrained in various Defaulting Defendants' accounts held by PayPal, Inc. ("PayPal") are hereby released to Plaintiffs as partial payment of the above-mentioned damages; and

IT IS FURTHER ORDERED that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power, the domain name registries, including but not limited to VeriSign, Inc., NeuStar, Inc., Afilias Limited, and Public Interest Registry, and/or the individual registrars holding or listing one or more of the domain names associated with Defaulting Defendants' Infringing Websites or Newly-Detected Websites, shall transfer the domain names associated with Defaulting Defendants' Infringing Websites or Newly-Detected Websites, including but not limited to those set forth in Exhibit A attached hereto, to Plaintiffs' ownership and control, including, inter alia, by changing the registrar of record to the registrar of Plaintiffs' choosing, unless Plaintiffs request that such domain names be held and/or released rather than transferred; and

IT IS FURTHER ORDERED that within twenty (20) business days after the Infringing Websites or Newly-Detected Websites are disabled, Plaintiffs shall serve this Permanent Injunction by email or other reasonable means to the contact information associated with that domain name in the WhoIs database or, at Plaintiffs' option, by placing a public notice on each of the Infringing Websites or Newly-Detected Websites that the domain names have been disabled pursuant to this Court's Order; and

IT IS FURTHER ORDERED that in accordance with this Court's inherent equitable powers and its power to coerce compliance with its lawful orders, until Plaintiffs have recovered the full payment of monies owed to them by any Defendant under this Default Judgment and Permanent Injunction Order, in the event Plaintiffs discover new monies or accounts belonging to or controlled by any Defaulting Defendant, or being used in connection with Defaulting Defendants' Infringing Websites, Newly-Detected Websites, or other websites, Plaintiffs shall have the ongoing authority to serve this Permanent Injunction on any party controlling or otherwise holding such accounts, including but not limited to any banks, savings and loan associations, merchant account providers, payment processors or providers, credit card associations, or other financial institutions, including without limitation, PayPal (collectively, "Account Holder"); and

IT IS FURTHER ORDERED that Account Holder shall immediately locate and restrain all accounts belonging to or controlled by such Defaulting Defendant, or being used in connection with Defaulting Defendants' Infringing Websites , Newly-Detected Websites, or other websites, from transferring or disposing of any monies or other of such Defaulting Defendant's assets, not allowing such funds to be transferred, withdrawn or have charges reversed and shall provide Plaintiffs with the information relating to those websites and/or accounts and related transactions; and

IT IS FURTHER ORDERED that after twenty (20) business days following the service of this Permanent Injunction on such Defaulting Defendant and Account Holder, Account Holder shall transfer all monies in the restrained accounts to Plaintiffs, unless the Defaulting Defendant has filed with this Court and served upon Plaintiffs' counsel a request that such monies be exempted from this Permanent Injunction; and

IT IS FURTHER ORDERED that any Defaulting Defendant may upon two (2) business days' written notice to the Court and Plaintiffs' counsel, upon proper showing, appear and move for the dissolution or modification of the provisions of this Permanent Injunction concerning the restriction upon transfer of such new monies or accounts belonging to or controlled by any Defaulting Defendant; and

IT IS FURTHER ORDERED that Plaintiffs may continue to obtain discovery by providing actual notice, pursuant to subpoena or otherwise, of this Permanent Injunction to any of the following:  (1) Defaulting Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, merchant account providers, payment processors or providers, credit card associations, or other financial institutions, including without limitation, PayPal, which receive payments or hold assets on behalf of Defaulting Defendants, Defaulting Defendants' Infringing Websites, or Defaulting Defendants' Newly-Detected Websites ; and/or (3) any third party service providers to Defaulting Defendants, Defaulting Defendants' Infringing Websites, or Defaulting Defendants' Newly-Detected Websites , including without limitation, domain name registration privacy protection services (e.g., Domains By Proxy and PrivacyProtect.org), web hosting providers, back-end service providers, affiliate program providers, web designers, shippers, search-based online advertising services (such as through paid inclusion, paid search

results, sponsored search results, sponsored links, and Internet keyword advertising), and domain name registries and registrars who have provided services for Defaulting Defendants, Defaulting Defendants' Infringing Websites, or Defaulting Defendants' Newly-Detected Websites; and

IT IS FURTHER ORDERED that that any third party providing services in connection with any Defaulting Defendant, Defaulting Defendants' Infringing Selling Pages, Defaulting Defendants' Infringing Websites, or Defaulting Defendants' Newly-Detected Websites, including without limitation, domain name registration privacy protection services (e.g., Domains By Proxy and PrivacyProtect.org), web hosting providers, back-end service providers, affiliate program providers, web designers, shippers, search-based online advertising services (such as through paid inclusion, paid search results, sponsored search results, sponsored links, and Internet keyword advertising), and any banks, savings and loan associations, merchant account providers, payment processors or providers, credit card associations, or other financial institutions, including without limitation, PayPal, and domain name registries and registrars who have provided services for Defaulting Defendants (collectively "Third Party Providers") shall within seven (7) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

(a) The identities and addresses of Defaulting Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defaulting Defendants' operations, including without limitation, identifying information associated with Defaulting Defendants' Infringing Selling Pages, Defaulting Defendants' Infringing Websites and financial accounts;

(b) Defaulting Defendants' Infringing Selling Pages and Defendants' Infringing

Websites;

    (c)    Any domain name registered by Defaulting Defendants; and

    (d)    Any financial accounts owned or controlled by Defaulting Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, merchant account providers, payment processors and providers, credit card associations, or other financial institutions, including without limitation, PayPal.

IT IS FURTHER ORDERED that the bond posted by Plaintiffs is hereby released; and

IT IS FINALLY ORDERED that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Permanent Injunction.

SIGNED this __3rd__ day of ~~August~~ October, 2014.

_____
Hon. Katherine Polk Failla, USDJ

**THIS DOCUMENT WAS ENTERED ON THE DOCKET ON** October 3, 2014

## Exhibit A

| Domain Name | Registrant Name |
| --- | --- |
| Dvdsea.com | Wang Wei |
| Cheapdvdmart.com | Bill Urey |
| Dvds-home.net | Joy Senchy |
| Idvdset.com | Olyes Chey |
| Dvdshopau.com | Dvdshop Au |
| Entertainwho.com | Ecwards L |
| Tvstoredvd.com | Cailyna K |
| Boxsetsales.com | Domain Administrator |

## Exhibit A

| Domain Name | Registrant Name |
| --- | --- |
| Dvdsea.com | Wang Wei |
| Cheapdvdmart.com | Bill Urey |
| Dvds-home.net | Joy Senchy |
| Idvdset.com | Olyes Chey |
| Dvdshopau.com | Dvdshop Au |
| Entertainwho.com | Ecwards L |
| Tvstoredvd.com | Cailyna K |
| Boxsetsales.com | Domain Administrator |